# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**JONATHAN WAYNE RALSTON**                                                           **PLAINTIFF**

V.            **CASE NO. 5:24-CV-5076**

**SHERIFF JAY CANTRELL,**
**Washington County, Arkansas;**
**DR. ROBERT KARAS,**
**Karas Correctional Health (KCH);**
**JORDAN PREVERAS, KCH;**
**JACOB SMOTHERS, KCH;**
**and NURSE KELLY HINELY, KCH**                                **DEFENDANTS**

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 36) filed on November 25, 2024, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. She recommends that separate Defendant Sheriff Jay Cantrell's Motion for Summary Judgment (Doc. 16) be granted in part and denied in part. On December 9, 2024, Sheriff Cantrell filed timely Objections to certain rulings in the R&R (Doc. 39). And on December 20, Plaintiff Jonathan Wayne Ralston filed Objections (Doc. 44). The Court has now reviewed the record *de novo* as to all proposed findings and recommendations and is prepared to rule.

Ralston alleges in his Amended Complaint (Doc. 30) that the Washington County Detention Center's toilets were leaking water onto the floor in April 2023, which resulted in him slipping on a puddle of water and injuring his right hand. Ralston further alleges

1

that the toilets leaked again in March 2024, and he slipped once more and sustained an injury.[1]

Sheriff Cantrell argues that both of Ralston's leaking toilet claims should be dismissed. As to the April 2023 claim, Sheriff Cantrell points to the record and notes that Ralston never submitted a grievance through the kiosk system at any point shortly before or after he slipped and fell. As for the March 2024 claim, Sheriff Cantrell admits that Ralston submitted grievances through the kiosk but believes the claim should be dismissed because he "did not file any [internal] appeal of any adverse grievance response." (Doc. 17, p. 7).

The Prison Litigation Reform Act at 42 U.S.C. § 1997e(a) specifies that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). At the Washington

---

[1] Ralston also complains about "overpopulation, sleeping on the floor on a 3[-]inch mat, . . . the mold, the leaking walls, the heating and air ventilation needing [to be] cleaned, and [inmates] not getting one hour of exercise outside." (Doc. 30, p. 7). Sheriff Cantrell objects to the Magistrate Judge's omission of these claims in her R&R. However, the Motion for Summary Judgment and supporting materials *only* discuss Ralston's leaking toilet claims. See Docs. 16–18.

Regardless, the undisputed evidence proves that Ralston failed to file any grievances about overpopulation, sleeping conditions, mold, cleanliness, or exercise. See Doc. 18-3. These claims are therefore subject to dismissal, *sua sponte*, for failure to exhaust administrative remedies.

2

County Detention Center, detainees are instructed to file grievances through the electronic kiosk system within ten days of the alleged incident "unless there is good cause for a reasonable delay." (Doc. 18-4, p. 2). Grievances filed more than thirty days after an alleged incident will not be considered, according to the policy. *Id.* The duty supervisor must provide "a timely response following the investigation of the grievance, to include findings and actions taken." *Id.* "Following the response referenced above, a detainee may appeal the response within 5 days by indicating his or her desire for further review of the response on the kiosk provided in the cell." *Id.*

The Magistrate Judge noted in the R&R that Ralston failed to file *any* grievances about leaking toilets in or around April 2023, the first time he fell and injured himself due to standing water. Ralston does not dispute this. *See* Doc. 44. Therefore, summary judgment will be granted in Sheriff Cantrell's favor as to Ralston's leaking toilet claims from April 2023.

As for the claim about leaking toilets from March 2024, the Magistrate Judge noted that it was "more difficult" to resolve. (Doc. 36, p. 6). Ralston filed a request for medical care on March 7, 2024, the day after he slipped on a puddle near the toilets. Then, on March 22, he submitted two grievances about the toilets through the kiosk system. *See* Doc. 18-3, pp. 7, 23, 25. Importantly, jail administrators responded to the March 22 grievances even though they were submitted more than ten days after Ralston slipped—waiving any objection as to timeliness. First, Sergeant Carlos Pineda responded to Ralston in writing on March 22 through the kiosk, advising, "There will be a deputy coming to talk to you." *Id.* at p. 7. Sergeant Pineda made no further written record after that, but

3

Corporal Tom Mulvaney also responded on March 22 with, "I believe Sgt. Pineda addressed this issue in a separate request/grievance. I need to know what day, time, and area that you claim you fell?" About an hour after receiving Corporal Mulvaney's request for more details, Ralston answered on the kiosk: "on 3/6/24 around 8am in the bathroom by the middle toilets and I have people that witnessed this happen." *Id.* at p. 23. Corporal Mulvaney did not reply to Ralston until March 25, asking, "I assume in your current housing unit; B2?" *Id.* There is no indication that Ralston wrote back to Corporal Mulvaney to confirm his understanding. The grievance was marked "closed."

The following day, March 26, Ralston wrote on the kiosk, "[C]an we please get the toilets fix [sic] before someone or myself gets hurt again?" *Id.* at p. 25. At 1:57 a.m. on March 27, Lieutenant Brian Atchley responded, "What is wrong with the toilets?" *Id.* Ralston wrote back a few hours later at 7:15 a.m., explaining, "[T]here is water standing in the floor around them." *Id.* The next morning, March 28, Corporal Mulvaney messaged Ralston through the kiosk: "I have officers looking into this situation." *Id.* No further written entries appear in the kiosk log regarding leaking toilets.

Sheriff Cantrell objects to the Magistrate Judge's finding that "Ralston was not advised of the results of the investigation of the grievance or his request" in March 2024 and therefore "could not appeal from a response that did not exist." (Doc. 36, p. 8). Sheriff Cantrell insists that Ralston failed to exhaust his remedies when he "received a written response to his grievance regarding the 2024 fall but did not appeal the grievance response to the Sheriff within 5 days indicating his desire for further review of that issue." (Doc. 39, p. 4). However, there is no evidence that Ralston received a written response

4

to his grievance, and Corporal Mulvaney's Declaration confirms that the proper procedure is to provide a written response "to the detainee via the kiosk." (Doc. 18-1, p. 4). Not only is there no proof of a written response, but there is also no proof of an oral response. As a result, there is a genuine dispute of material fact as to whether there was anything for Ralston to appeal. "Under the PLRA, a prisoner need exhaust only 'available' administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016). Here, the Court cannot find that the appeal process was "available" to Ralston because there is no proof he was given a decision to appeal.

**IT IS THEREFORE ORDERED** that Ralston's Objections (Doc. 44) and Sheriff Cantrell's (Doc. 39) are **OVERRULED**, and the R&R (Doc. 36) is **ADOPTED IN ITS ENTIRETY**. Sheriff Cantrell's Motion for Summary Judgment (Doc. 16) is **GRANTED IN PART AND DENIED IN PART** in that Ralston's claim about leaking toilets in April 2023 is **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies; but his claim about leaking toilets in March 2024 is preserved for further litigation.

**IT IS FURTHER ORDERED** that Ralston's claims regarding overpopulation, the necessity of sleeping on the floor, mold, leaking walls, the cleanliness of the heating and air ventilation system, and inmate exercise are **DISMISSED WITH PREJUDICE**, *sua sponte*, for failure to exhaust administrative remedies.

**IT IS SO ORDERED** on this 31st day of January, 2025.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE