IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN WAYNE RALSTON                                                                     PLAINTIFF

V.                                       CASE NO. 5:24-CV-5076

SHERIFF JAY CANTRELL,
Washington County, Arkansas;
DR. ROBERT KARAS, Karas Correctional Health (KCH);
DUSTIN SANDERS, KCH;
JOHN OR JANE DOE STAFF MEMBERS, KCH;
JORDAN PREVERAS, KCH;
JACOB SMOTHERS, KCH;
and NURSE KELLY HINELY, KCH                                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 49) filed on March 19, 2025, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. She recommends granting the Motion to Dismiss (Doc. 33) filed by Separate Defendants Karas, Sanders, Preveras, Smothers, Hinely, and John or Jane Doe Staff Members (collectively, "Medical Defendants"). On today's date, April 4, 2025, Plaintiff Jonathan Wayne Ralston filed Objections (Doc. 50) to the R&R. The Court has now reviewed the record *de novo* as to all proposed findings and recommendations and is prepared to rule.

As the R&R notes, on October 4, 2024, a Text-Only Order (Doc. 29) directed Ralston to file an amended complaint that "affirmatively link[ed] the conduct of each named Defendant with the specific injury [Ralson] suffered." He was warned that if he failed to do this, "the allegations against that Defendant [would] be dismissed for failure to state a claim." *Id.* Despite this warning, however, when Ralston filed his Amended

1

Complaint (Doc. 30), he did not allege how each separate Medical Defendant personally violated his federal constitutional rights. Accordingly, the R&R recommends granting the Medical Defendants' Motion to Dismiss because no plausible individual liability claims are stated, and to the extent Ralston seeks to hold Defendant Karas liable for the conduct of all his staff, vicarious liability is inapplicable to § 1983 cases.

Having reviewed Ralston's Objections to the R&R, the Court finds that they fail to engage with the Magistrate Judge's reasoning. Instead, Ralston generally objects that "material facts/evidence" exists to show "that the defendants [were] delabertly indefferance [sic] to provide medical treatment" for his injured hand and hip, which continue to trouble him to this day. (Doc. 50, p. 1). Importantly, Ralston has still failed in these Objections to identify what each Medical Defendant did or did not do with respect to his medical care that violated his constitutional rights. The Motion to Dismiss will therefore be granted.

**IT IS ORDERED** that Ralston's Objections (Doc. 50) are **OVERRULED**, and the R&R (Doc. 49) is **ADOPTED IN ITS ENTIRETY**. The Motion to Dismiss (Doc. 33) filed by Separate Defendants Karas, Sanders, Preveras, Smothers, Hinely, and the John or Jane Doe Staff Members is **GRANTED**, and each of them is **TERMINATED** as a party to this action.

The remaining claim against Separate Defendant Sheriff Cantrell remains referred.

**IT IS SO ORDERED** on this 4th day of April, 2025.

>　　　　　　　　　　　　　　　　/s/ Timothy L. Brooks
>　　　　　　　　　　　　　　　　TIMOTHY L. BROOKS
>　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE