IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN WAYNE RALSTON PLAINTIFF

v. Civil No. 5:24-cv-05076-TLB-CDC

SHERIFF JAY CANTRELL, Washington County, Arkansas DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are Defendant Sheriff Jay Cantrell's Motion for Summary Judgment (ECF No. 64), Brief in Support (ECF No. 65), and Statement of Indisputable Material Facts (ECF No. 66), as well as Plaintiff Jonathan Wayne Ralston's Response in Opposition (ECF No. 82), which is itself styled as a Motion for Summary Judgment. For the reasons given below, the undersigned recommends that Defendant's Motion be GRANTED, that Plaintiff's Motion be DENIED, and that Plaintiff's claims against Defendant be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Plaintiff brought this lawsuit regarding events that occurred while he was incarcerated at Washington County Detention Center ("WCDC") in Fayetteville, Arkansas. His sole remaining claim is against Defendant Cantrell, the Sheriff of Washington County, alleging that on March 6, 2024, Plaintiff was subjected to unconstitutional conditions of confinement. Specifically, Plaintiff alleges that on that day, while he was mopping the bathroom unit, standing water in the floor from

a leaking toilet caused him to slip and fall, injuring himself.[1] *See* ECF No. 30, pp. 5–7. Plaintiff has sued Defendant in both his individual and official capacities, *see id.* at 6, and seeks both compensatory and punitive damages as relief, *see id.* at 13. Defendant has moved for summary judgment, seeking dismissal with prejudice of Plaintiff's claims against him. The Motion has been fully briefed, and is ripe for decision.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

[1] Plaintiff previously also brought a claim regarding a similar slip-and-fall that he experienced on April 5, 2023, and claims against various medical staff at WCDC for alleged deliberate indifference to his medical needs following both slip-and-fall incidents. But those claims were dismissed at earlier stages of this lawsuit. *See generally* ECF Nos. 36, 47, 49, 51.

adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Defendant argues that he is entitled to qualified immunity from Plaintiff's individual-capacity claim. The qualified immunity inquiry consists of two questions: "(1) whether the facts alleged or shown . . . establish a violation of a constitutional or statutory right, and (2) whether that constitutional right was clearly established as of" the time of the relevant conduct "such that a reasonable official would have known that his actions were unlawful." *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009). The Court can answer the questions in either order. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). A § 1983 plaintiff may defeat qualified immunity only if the answer to both questions is yes. *Krout*, 583 F.3d at 564.

Here, Plaintiff's claim fails because he has not suffered a violation of any constitutional right. As far back as 1997, the Eighth Circuit held that a claim for a slip-and-fall on a wet floor did not articulate a constitutional violation when it was predicated on mere negligence by prison officials. *See Walker v. Reed*, 104 F.3d 156, 157–58 (8th Cir. 1997). In that case, the Eighth Circuit declined to "reach the question of whether [such] conditions . . . could *ever* amount to a cognizable § 1983 claim." *See id.* at 158 (emphasis added). But in many cases since then, federal circuit and district courts from around the country have consistently rejected constitutional claims

arising from slip-and-fall accidents absent a showing of something more than negligence. *Coleman v. Sweetin*, 745 F.3d 756, 764–65 & n.7 (collecting cases from Fourth, Fifth, Ninth, and Tenth Circuits, and from N.D. Ill., W.D. Pa., W.D. Va., and N.D.W. Va.) (5th Cir. 2014). As the Fifth Circuit explained:

> The usual reasoning is that the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards. One exception serves to reinforce this general rule of rejection. In *Frost v. Agnos*, 152 F.3d 1124, 1128–29 (9th Cir. 1998), the court reversed summary judgment for a prisoner who asserted an Eighth Amendment claim after he slipped and fell in the shower while on crutches. The *Frost* decision, however, rests on defendants' failure to accommodate his disabled condition, not simply on the slippery floor. Earlier, in *LeMaire* [*v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)], the Ninth Circuit refused to hold that "shackling a dangerous inmate in a shower creates a sufficiently unsafe condition." Thus, . . . foreknowledge of the slippery conditions by the wardens and maintenance supervisors is not relevant to [whether such conditions give rise to a constitutional violation].

*Id.* at 764–65.

Here, Plaintiff has not provided any evidence, nor even alleged the existence of, any condition or circumstance that would amount to anything more than mere negligence on the part of prison officials. He simply contends that leaky toilets in the bathroom created a slippery floor on which he fell, and that he had previously complained to several prison officials about these conditions. *See* ECF No. 82, p. 3. As described above, circuit courts around the country, including the Eighth Circuit, have consistently held that such facts do not give rise to a constitutional violation. Accordingly, Defendant is entitled to qualified immunity from Plaintiff's individual-capacity claim.

Similarly, Defendant is entitled to summary judgment on Plaintiff's official-capacity claim. Official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). It is possible for a governmental entity to be liable under section 1983 for a constitutional violation even when no

government official is found personally liable, when the constitutional violation in question is caused by a "policy" or "custom" of that governmental entity. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). However, there must still have been a constitutional violation for official-capacity liability to attach. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). The United States Supreme Court has held that damages cannot be awarded "against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *See id.* Here, the undersigned recommends finding as a matter of law that Plaintiff suffered no constitutional harm; accordingly, Defendant is entitled to summary judgment on Plaintiff's official-capacity claim as well.

## IV. CONCLUSION

Accordingly, it is recommended that Defendant Sheriff Jay Cantrell's Motion for Summary Judgment (ECF No. 64) be GRANTED, that Plaintiff Jonathan Wayne Ralston's Motion for Summary Judgment (ECF No. 82) be DENIED, and that Plaintiff's claims against Defendant Cantrell be DISMISSED WITH PREJUDICE. As this would resolve all remaining claims in this matter, it is further recommended that final judgment be entered.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of July 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE